TABOUR REALTY CO., Appellant, v. NELSON, et al, Respondents.

(228 N. W. 807.)

(File No. 6623. Opinion filed January 31, 1930.)

*Amos N. Goodman,* of Aberdeen, for Appellant.
*Van Slyke & Agor,* of Aberdeen, for Respondents.

BROWN, P. J.   In April, 1916, First National Bank of Aberdeen commenced a mortgage foreclosure action against S. H. and Emma A. Cranmer involving real estate in the city of Aberdeen.   Service was made upon the Cranmers in Minneapolis, and no appearance was made by either of them in the action.   Fred Gannon was appointed receiver to collect the rents and profits and apply them to plaintiff's demand.

In November, 1916, judgment of foreclosure by default was entered.   The mortgaged premises were sold, and, after expiration of redemption period, a sheriff's deed was obtained and the mortgage debt satisfied.   The receiver made a report to the court on which a hearing was had, and on September 4, 1918, the court

entered a final order approving the report, finding that there was a balance in the hands of the receiver as $1,608.98, and ordered that sum to be paid over by the receiver to the Cranmers. The bank asked and obtained a stay of proceedings for 20 days within which time to perfect an appeal from this order. Why the bank would have any interest in appealing after its mortgage debt had been satisfied is not apparent and it took no appeal. But on September 28th, the day after the stay period had expired, J. H. Suttle, an officer of the bank, attempted to commence an action against the Cranmers to recover a balance which he alleged to be due him from them, and in that action garnished Gannon. The attorneys for the bank in the foreclosure action were attorneys for Suttle in his garnishment action. The summons in the action was served on the Cranmers in Minneapolis on November 30, 1918. They made no appearance in the action, and on May 12, 1919, judgment by default was rendered against them for the sum of $1,394.16, and Gannon as receiver was ordered to pay the $1,608.98 in his hands to the clerk of the courts, which he did, and thereupon the clerk of courts delivered $1,394.16, plus $10.73 costs, making $1,404.89, of the sum to Suttle, leaving a balance in his own hands of $204.09. On January 2, 1918, the Cranmers made an assignment to Tabour Realty Company of all moneys in the hands of Gannon, as receiver, and transferred to said company all claims and demands and rights of action which they might have against the receiver for the recovery of any funds in his hands. On April 26, 1921, for the purpose of confirming said assignment, the Cranmers assigned to Tabour Realty Company the judgment and order of the circuit court of September 4, 1918, adjudging that the receiver pay to the Cranmers the sum of $1,608.98, and all sums due them under such judgment. A copy of said judgment was served upon the receiver upon September 9, 1918, and on October 28, 1918, a written demand was made upon him for payment of the money to plaintiff, which demand was refused. The present action to recover the sum of $1,608.98 was begun on August 23, 1920, and, on trial to the court without a jury, findings and judgment were in favor of defendants, and, from the judgment and an order denying a new trial, plaintiff appeals.

On a former appeal in this case (49 S. D. 275, 207 N. W. 97) we held that "the only defense worthy of any considera-

tion is that the assignment was made in fraud of creditors." The pleadings have not been in any manner altered since, and that decision is the law of the case as to all questions involved and determined at that time. It was there held that plaintiff was not a party to the garnishment suit, and was therefore not bound by the judgment. Neither were the Cranmers or either of them bound by the judgment in that suit, nor was the garnishee in any way protected by that judgment. The court had no jurisdiction to do anything in that action but dismiss it. The action was attempted to be commenced on September 28th by the issuing of a summons and the institution of the garnishment proceedings, but the summons was not served upon either of the defendants until November 30th, which was more than 60 days after the attempted commencement of the action. Rev. Code, § 2264, provides that an attempt to commence an action is equivalent to the commencement thereof, but the attempt must be followed by the first publication of the summons or the service thereof within 60 days. If that is not done, the attempt fails, and everything connected with the attempt falls with it. Any judgment thereafter rendered against the defendants or against the garnishee is wholly void, so that this case stands exactly as it would have done if no garnishment action had ever been commenced. Citizens' State Bank of Selfridge v. Smeland, 48 N. D. 466, 184 N. W. 987; Atwood v. Tucker, 26 N. D. 622, 145 N. W. 587, 51 L. R. A. (N. S.) 597; Missouri, K. & T. R. Co. v. Housley, 43 Okl. 794, 144 P. 610, Ann. Cas. 1916B, 363.

When this case was formerly before us, it was held that the clerk, Nelson, had knowledge of plaintiff's claim, that the court had no jurisdiction to bind plaintiff in that proceedings and that therefore any order under which the clerk claimed he acted in paying over the money to Suttle was void and afforded the clerk no protection. The defense that the conveyance to plaintiff was in fraud of Cranmer's creditors was not available to Nelson. He was no creditor, and it is elementary that a conveyance in fraud of creditors can be assailed only by creditors, and it is valid as to other parties. 27 C. J. 470. Neither is defendant Suttle in any position to question plaintiff's title in this action. The assignment of the fund by the Cranmers to plaintiff is good as against the Cranmers. It vested the legal title of the fund in plaintiff. Suttle had no right or authority to appropriate this money in satisfaction

of his alleged claim against the Cranmers. He assumed authority to so appropriate it by virtue of a judgment, which, as we have seen, was void on its face, and was no authority whatever. A creditor cannot without legal process seize property fraudulently conveyed or transferred in the hands of grantee or transferee and appropriate it to the satisfaction of his debt. 27 C. J. 714; Shoup v. Marks (C. C. A.) 128 F. 32, 37. In that case it was contended that the transfer from Levy to Marks was fraudulent and void as to Levy's creditors, and therefore Marks could not recover for the conversion of the property by the United States marshal, and evidence was excluded which would have shown the transfer was in fact fraudulent as to creditors. It was held that although the transaction was void as to Levy's creditors, it was as between Levy and Marks sufficient to transfer the title to the latter and that the excluded evidence could constitute no defense to the action, and its exclusion was not error. The court said: "What is meant by saying that a fraudulent conveyance is void as to the grantor's creditors is that it constitutes no obstacle to legal process issued at the instance of creditors to subject the property to the payment of their demands. No creditor can seize the property, except by such process, without rendering himself liable to the consequences of an unlawful interference with it."

Suttle's appropriation of the money was simply a conversion of it, and his liability to plaintiff therefor accrued when he received it from the clerk on May 13, 1919. The claim to set off the balance he alleges is due him from the Cranmers under his mortgage foreclosure cannot be asserted or maintained in this action. Robinson v. Nelson (S. D.) 226 N. W. 341.

The judgment and order appealed from are reversed, and the cause remanded for further proceedings in conformity with this opinion.

POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, J., deeming himself disqualified, not sitting.