Marie GRABOWSKI, Administratrix of the Estate of Gustav Grabowski, Deceased, Plaintiff,

v.

UNITED STATES of America, Martin & Luther General Contractors, Inc., a corporation, and McClellan & Associates, a corporation, Defendants.

MARTIN & LUTHER GENERAL CONTRACTORS, INC., Third-Party Plaintiff,

v.

WILLAMETTE CONSTRUCTION CO., Third-Party Defendant (two cases).

Edna LINVILLE, Administratrix of the Estate of W. W. Linville, Deceased, Plaintiff,

v.

UNITED STATES of America, Martin & Luther General Contractors, Inc., a corporation, and McClellan & Associates, a corporation, Defendants.

Civ. Nos. 5121, 5122.

United States District Court
D. Wyoming.

Dec. 19, 1968.

Floyd R. King, Jackson, Wyo., and Fred J. Hahn, of Holden, Holden & Kidwell, Idaho Falls, Idaho, for plaintiffs.

Houston G. Williams, of Wehrli & Williams, Casper, Wyo., for defendant, Robert McLellan and Co., Ltd. (corrected name of McClellan and Associates).

ORDER OVERRULING MOTION
TO DISMISS

KERR, District Judge.

The above-entitled matter having come on regularly for hearing before the Court upon the motion to dismiss filed by Robert McLellan and Co., Ltd., one of

the defendants herein, and the Court having heard arguments of counsel in support of and in opposition to said motion, took the matter under advisement; and having examined the record on file herein and the briefs submitted by counsel, and having carefully studied the authorities cited in counsels' briefs, and being fully advised in the premises, FINDS:

1. This is a civil action in which jurisdiction of this court is grounded on diversity of citizenship.

2. The issue raised by the motion to dismiss is: Does this court apply the Federal or the State Rule of Civil Procedure to determine when the action commenced?

3. Rule 3, Federal Rules of Civil Procedure, provides as follows:

"A civil action is commenced by filing a complaint with the court."

4. Rule 3, Wyoming Rules of Civil Procedure provides as follows:

"(a) How Commenced. A civil action is commenced by filing a complaint with the court.

(b) When Commenced. For purposes of statutes of limitation, an action shall be deemed commenced on the date of filing the complaint as to each defendant, if service is made on him or on a codefendant who is a joint contractor or otherwise united in interest with him, within sixty days after the filing of the complaint. If such service is not made within sixty days the action shall be deemed commenced on the date when service is made. The voluntary waiver, acceptance or acknowledgment of service, or appearance by a defendant shall be the same as personal service on the date when such waiver, acceptance, acknowledgment or appearance is made. When service is made by publication, the action shall be deemed commenced on the date of the first publication."

5. The Wyoming Statutes provide for the survival of actions for wrongful death. (W.S.1957, Sec. 1–1065). Section 1–1066 W.S.1957 provides that such cause is granted to the personal representative of the decedent and concludes "* * * that every such action shall be commenced within two (2) years after the death of such deceased person."

6. The chronology material to the determination of the issue raised by the motion to dismiss is as follows:

| | |
|---|---|
| Date of death of decedents | May 24, 1965 |
| Suit filed | March 23, 1967 |
| Original summons issued | May 17, 1967 |
| Summons returned "Not Found in Teton County." | June 23, 1967 |
| Alias summons issued | Aug. 30, 1968 |
| Alias summons served by certified mail, R.R.R. | Sept. 4, 1968. |

7. Under the Wyoming Rules of Civil Procedure, this action would be deemed commenced on September 4, 1968, and would have been barred had the suit been brought in a state court.

8. Under the Federal Rules of Civil Procedure, this action would be deemed commenced on March 23, 1967, and would have been timely commenced within two years after the deaths of the decedents.

9. Under the rule of Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the state statute would be applicable and would bar the action brought in the federal court, service of summons having been made more than three years after the deaths of decedents.

10. Under the rule of Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L. Ed.2d 8 (1965), the Federal Rule is the standard against which the District Court must determine when the action commenced.

11. While the case of Hanna v. Plumer does not expressly overrule Ragan v. Merchants Transfer & Warehouse Co.,

I am inclined to construe as a mandate the reasoning and conclusion in the Hanna case. I find, therefore, that Rule 3 of the Federal Rules of Civil Procedure is controlling in the instant cases.

12. As in the Hanna case, the difference between the Federal and State rules "would be of scant, if any, relevance to the choice of a forum". In choosing their forum, the two above-named plaintiffs were "not presented with a situation where application of the state rule would wholly bar recovery; * * *". Rather, adherence to the state rule affects merely the time within which process was to be served.

13. The apparent delay in service of process is not condoned, but neither should litigants be deprived of their day in court absent any bar by the Federal Rules of Civil Procedure.

Now, therefore, it is ordered that the motion to dismiss by Robert McLellan and Co., Ltd., one of the defendants herein, be, and the same is hereby, overruled.