Robert McCREA, individually and as Administrator of the Estate of Dorothy M. McCrea, deceased, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. No. 1945.

United States District Court, D. Montana, Missoula Division.

Nov. 8, 1971.

Robert J. Campbell, Missoula, Mont., for plaintiff.

Worden, Thane, Haines & Williams, Missoula, Mont., for defendant.

OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

In this diversity case the applicable Montana Statute of Limitations is three years.[1] The cause of action accrued on November 4, 1967, and the complaint was filed on November 4, 1970. An order was made authorizing service by David Middlemass, Sheriff of Lewis & Clark County. Service was not made until seven months later although defendant was at all times available in Montana for service. The statute if not tolled would have run at the time of

1. R.C.M.1947 § 93–2605, subd. 2.

service. The reason for the delay does not appear and in the absence of any explanation I find the summons was not served with reasonable diligence.

██ Actions are barred in Montana unless commenced within the times limited.[2] We look to federal law for a definition of the term "commencement of an action in the federal courts."[3] In the federal courts "A civil action is commenced by filing a complaint with the court."[4] I think that when the complaint was filed the statute of limitations was tolled and remained tolled notwithstanding the failure to serve the summons with diligence. I do not think that the very simple language of Rule 3 which tells a plaintiff what he must do should be altered by incorporating into it the requirements of Rule 4(a) which is cast in terms of the obligations of the clerk of court and the process server.

██ I prefer the certainty which a literal application of Rule 3 brings to limitations problems to the uncertainty created by a read-in requirement that there be reasonable diligence in the service of process. I think that a failure to serve process should be treated as a failure to prosecute under Rule 41(b).[5]

I do not reach the law problems treated in the arguments as to the defendant's liability for the allegedly defective design. It may be that on proof of the facts set out in defendant's brief defendants will prevail but those facts are not in the complaint which, examined with liberality, states a cause of action.

The motion to dismiss is denied, and defendant given twenty (20) days within which to further plead.

2. R.C.M.1947 § 93–2601.

3. Sylvestri v. Warner & Swasey Co., 398 F.2d 598 (2d Cir. 1968).

4. Rule 3, F.R.Civ.Pro.

5. The history of the rules supports this position. Messenger v. United States, ██

231 F.2d 328 (2d Cir. 1956), 2 J. Moore, Federal Practice ¶ 406–1 (2d ed. 1953). *Contra* Hukill v. Pacific & Arctic Railway & Navigation Co., 159 F.Supp. 571 (D.Alas.1958) and the dictum in Sylvestri v. Warner & Swasey Co., *supra* note 3.