**RELIANCE INSURANCE COMPANY, Plaintiff,**

v.

**TOBI ENGINEERING, INC., Defendant.**

Civ. No. 89–5007.

United States District Court,
W.D. Arkansas,
Fayetteville Division.

April 2, 1990.

Lloyd S. Hellman, Lawrence Lerner, P. Blake Keating, Sandler, Balkin, Hellman & Weinstein, Kansas City, Mo., for plaintiff.

Walter B. Cox, Davis Cox & Wright, Fayetteville, Ark., for defendant.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

On February 23, 1990, this court entered judgment in favor of plaintiff, Reliance Insurance Company, in the amount of $269,-746.02. Recovery was awarded the plaintiff on theories of negligence, breach of contract, and breach of warranty. On March 13, 1990, plaintiff filed a motion for attorney's fees with accompanying itemization. Defendant timely responded and this issue is ripe for resolution.

■ Plaintiff states that its motion brought pursuant to Rule 54(d), Fed.R. Civ.P. and Ark.Code Ann. § 16–22–308. Plaintiff urges that in determining whether attorney's fees are allowable as costs in diversity actions, this court must apply the law of the state in which it sits. This appears to be the case. In *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1974), the Supreme Court stated that federal courts are constrained to follow the "American Rule," *i.e.* that, subject to certain exceptions, attorney's fees are not allowable in claims based upon federal law, absent congressional approval. However:

A very different situation is presented when a federal court sits in a diversity case. '[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.' 6 J. Moore, *Federal Practice,* Par. 54.77[2], pp. 1712–1713 (2d Ed.1974) (footnotes omitted)....

*Alyeska Pipeline, supra,* at 259, n. 31, 95 S.Ct. at 1622, n. 31.

■ Thus, a state law giving a right to attorney's fees which reflects a "substantial policy" of the state should be followed. This, of course, prevents forum shopping and the application of a different rule based upon an accident of citizenship. *See also, Walden v. Tulsair Beechcraft, Inc.,* 96 F.R.D. 34 (W.D.Ark.1982) (Rule 3, Fed. R.Civ.P. defining "commencement" of an action should be applied in a diversity case unless contrary state law is an integral part of the applicable state statute of limitations).

■ It seems clear that the *Walden* analysis relying upon the Supreme Court's holding in *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1979) and the Eighth Circuit's decision in *Prashar v. Volkswagen of America, Inc.,* 480 F.2d 947 (8th Cir.1973), would reach the same result from a different direction. The court makes mention of *Walden* because plaintiff partially bases his request upon Rule 54(d), Fed.R.Civ.P., defining "costs," when federal law does not, in such a case, provide for attorney's fees as "costs." *Walden* indicates by analogy that federal law defining costs rather than state law should be applied, unless a contrary state law defining costs is an "integral part" of the state scheme creating the substantive right to recover attorney's fees. The court thinks it fair to conclude that a state law defining costs which is an "integral part" of a state scheme creating the to recover attorney's fees reflects a "substantial policy" of the state. The court believes that Ark.Code Ann. § 16–22–308 defining costs as including discretionary attorney's fees in certain cases must be applied in a diversity case. As indicated in *Walden,* a state scheme making a mode of enforcing a state-created right an "integral part" of

the state scheme reflects a discernible and substantial policy of the state. *See Walden, supra,* at p. 40. Therefore, *Alyeska Pipeline* directs that the state rule be applied in this case.

In Arkansas, the "American Rule" has until relatively recently been historically and uniformly applied. *See, Brady v. Alken, Inc.,* 273 Ark. 147, 617 S.W.2d 358 (1981) (settled law in Arkansas that attorney's fees are allowable only by statute). In *Harper v. Wheatley Implement Co., Inc.,* 278 Ark. 27, 643 S.W.2d 537 (1982), a case arising under Article 9 of the Uniform Commercial Code, the seller contracted, in fine print, with the buyer, that in any action to enforce the contract, the seller would be entitled to attorney's fees "to the extent permitted by law." The Arkansas Supreme Court held that the contractual attorney's fees were not to *any* extent "permitted by law." According to the court, the only pertinent statute on the subject, Ark.Stat.Ann. § 68–919 (Repl. 1979), provided for attorney's fees only in cases involving promissory notes.

■ Subsequently, however, the state legislature enacted § 1 of Act 519 of 1987, codified as Ark.Code Ann. § 16–22–308. That statute provides:

> In any civil action to recover on (a) ... contract relating to the purchase or sale of goods, ... or for labor or services, unless otherwise provided by law or the contract which is the subject-matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

The legislature's use of the word, "may", indicates that the legislature intended a court's award of attorney's fees pursuant to § 16–22–308 to be permissive and discretionary with the court rather than mandatory. *See Gregory v. Colvin,* 235 Ark. 1007, 363 S.W.2d 539 (1963). By contrast, the legislature's use of the word, "shall" would have indicated that the legislature intended mandatory compliance unless such an interpretation would lead to an absurdity. *Loyd v. Knight,* 288 Ark. 474, 706 S.W.2d 393 (1986). Further, the term,

"costs," is normally not understood to include attorney's fees. *See,* 20 Am.Jur.2d "Costs," § 72. When coupled with the well-settled historical observation that attorney's fees were not recoverable at common law, *see Alyeska, supra,* 421 U.S. at 247, 95 S.Ct. at 1616, Arkansas' rules of statutory construction mandate that § 16–22–308 be strictly construed. *See, Williams v. American Broadcasting Companies, Inc.,* 96 F.R.D. 658 (W.D.Ark.1983); *Hartford Ins. Group v. Carter,* 251 Ark. 680, 473 S.W.2d 918 (1971). It is presumed that the legislature knew the meaning ascribed by the Arkansas Supreme Court to the word, "may," and adopted that meaning in § 16–22–308, unless the contrary plainly appears. *Williams v. Edmondson,* 257 Ark. 837, 520 S.W.2d 260 (1975); *Smith v. Ridgeview Baptist Church, Inc.,* 257 Ark. 139, 514 S.W.2d 717 (1974). Thus, it is apparent that an award of attorney's fees under § 16–22–308 is discretionary with the court.

■ In exercising its discretion in this case, the court notes the absence of a contractual provision or agreement requiring the defendant to pay the plaintiff's attorney's fees. Further, although plaintiff prevailed, it did not do so on all theories advanced. Plaintiff prevailed on alternate theories of express warranty and negligence and defendant prevailed on plaintiff's claims based upon implied warranty. Of the claims upon which plaintiff prevailed, only the warranty claim can support a claim for attorney's fees under § 16–22–308, assuming that "contract" as used in the statute includes "express warranty." The court liberally awarded the plaintiff direct, consequential and incidental damages incurred in accordance with Article 2 of the Uniform Commercial Code. Although it is worthy of mention, the court places little or no weight on the fact that plaintiff presumably computes its premiums based on the realization that litigation expenses are an implicit part of its cost of doing business, whereas private individuals are less equipped to absorb the enormous cost of litigation.

As a final factor, the court also notes that although the statement submitted by Sandler, Balkin, Hellman & Weinstein, P.C., lists dates on which services were performed, nowhere does the statement reflect the actual time expended on each item and thus, it is impossible for the court to determine the reasonableness or necessity of the requested fee of $55,935.00. The statement of Doug Wood indicates how many hours were expended in each of numerous months, but nowhere describes the services performed. Therefore, even if the court was inclined to award attorney's fees, it could not do so here.

Accordingly, an order will be entered denying plaintiff's motion for attorney's fees.