Wally FISCHER, Appellee,

v.

IOWA MOLD TOOLING COMPANY, INC., Appellant.

No. 82–1489.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1982.

Decided Oct. 15, 1982.

Craig A. Kennedy, Doyle, Bierle, Porter & Kennedy, Yankton, S. D., for appellant.

John P. Blackburn, Yankton, S. D., for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and VAN SICKLE,* District Judge.

ARNOLD, Circuit Judge.

This is an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) from the District

---

* The Hon. Bruce M. Van Sickle, United States District Judge for the District of North Dakota, sitting by designation.

Court's order denying the defendant Iowa Mold Tooling Co., Inc.'s motion to dismiss on the ground of limitations. The question presented is whether "commencement" of an action for purposes of applying the statute of limitations is governed by state law or Fed.R.Civ.P. 3. On the authority of *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), we hold that state law governs in this diversity case. Under the law of South Dakota, the action was not commenced in time. We must therefore reverse the judgment and direct that the complaint be dismissed.

The relevant facts may be briefly stated. The complaint alleged that plaintiff was injured as a result of negligence on the part of the defendant in the design and manufacture of a hydraulic crane. The complaint was filed in the District Court on September 3, 1981, and the summons was issued by the Clerk and handed to the plaintiff's attorney for service the same day. Since the accident at issue had occurred on September 6, 1978, the suit would, on the surface, appear to be timely under the applicable period of limitations, which all agree is three years. See S.D.C.L. § 15–2–14. Rule 3 of the Federal Rules of Civil Procedure provides that an action is commenced by filing a complaint.

The plaintiff's difficulty arises from the fact that service on the defendant was not had within the three-year statutory period, and South Dakota law in general requires service in order to commence an action. S.D.C.L. § 15–2–30. The plaintiff's attorney, apparently following accepted local procedure, received the summons from the Clerk on September 3, 1981, and mailed it to the Sheriff of the defendant's home county in Iowa for service. The Sheriff received the summons on September 14; his return shows service on September 23, 1981.

The plaintiff asserts first that this action was timely commenced because the defendant was served within a sixty-day extension period allowed by South Dakota law. He refers to S.D.C.L. § 15–2–31, which provides:

An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.

The plain language of § 15–2–31, however, reveals nothing helpful to the plaintiff. The attempt to commence the action occurs, under the statute, on the date the summons is placed in the hands of the sheriff. In this case that date is September 14, 1981, more than three years after September 6, 1978. The Supreme Court of South Dakota has emphasized that, in order for the sixty-day extension period to apply, the summons must be placed in the sheriff's hands within the period of the statute. *Arbach v. Gruba,* 86 S.D. 591, 199 N.W.2d 697 (1972).[1]

Mr. Fischer's second argument is that, even ignoring the sixty-day extension period, his complaint was timely filed under Rule 3, which provides that "[a] civil action is commenced by filing a complaint with the court." This rule, he asserts, is inconsistent with S.D.C.L. § 15–2–30, and the state law is therefore of no effect under the doctrine of *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Specifically, he

1. At oral argument plaintiff's counsel directed our attention to *Somas v. Great American Ins. Co.,* 501 F.Supp. 96 (S.D.N.Y.1980), which involved a New York statute granting a sixty-day extension of the limitations period for service on the defendant upon filing the complaint with the county clerk. The complaint in that case

was filed in federal court within the limitations period and service was had within sixty days. This situation differs from the instant case, in that South Dakota law requires the summons to be placed with the sheriff within the limitations period in order for the sixty-day extension to apply.

cites our decision in *Prashar v. Volkswagen of America, Inc.*, 480 F.2d 947 (8th Cir. 1973), *cert. denied*, 415 U.S. 994, 94 S.Ct. 1596, 39 L.Ed.2d 891 (1974), which decided that "compliance with Rule 3 ... constitutes 'commencement of an action' sufficient to toll the South Dakota statute of limitations." *Id.* at 948. *Prashar* clearly supports the plaintiff's position. It would, in fact, carry the day but for the Supreme Court's intervening unanimous decision in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

*Walker* holds that there is no conflict between Rule 3 and state law, because the scope of Rule 3 is not so broad as the plaintiff contends. Justice Marshall's opinion for the Court found "no indication that the Rule was intended to toll a state statute of limitations [footnote omitted], much less that it purported to displace state tolling rules for purposes of state statutes of limitations." *Id.* at 750–751, 100 S.Ct. at 1985. *Walker* makes clear that there is no actual conflict between Rule 3 and state limitations law, as the plaintiff suggests. The only presently existing conflict is between our decision in *Prashar* and the Supreme Court's decision in *Walker*. The latter must control.

The plaintiff suggests a distinction between the instant case and the situations in *Walker v. Armco Steel, supra,* and *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), which was specifically reaffirmed in *Walker*. The South Dakota commencement statute is a general one, not an "integral" part of the statute of limitations. It is true that this Court in *Prashar v. Volkswagen, supra,* indicated that the South Dakota commencement statute was not "integral" to the limitations statute because it did not specifically refer to limitations and because it defined the commencement of an action for other purposes as well.[2] Additionally, the Supreme Court in *Walker v. Armco Steel, supra,* referred to the actual service provision of the Oklahoma commencement statute as "an integral part of the several policies served by the statute of limitations." 446 U.S. at 751, 100 S.Ct. at 1985. Plaintiff's point seems to be that the Oklahoma commencement statute was described by the *Walker* court as "integral," that *Prashar* holds the South Dakota statute is not "integral," and that we therefore need not be concerned with *Walker*.

We think the two courts used the term "integral" in somewhat different senses. The Supreme Court applied the adjective in the context of its discussion of the several policy justifications for the limitations statute, such as peace of mind for the defendant and the unfairness of having to defend a stale claim. The Court went on to say the actual-notice-through-service provision of Oklahoma law closely served the policies of the statute and is therefore an integral part of the limitations scheme. See *Walker*, 446 U.S. at 751–752, 100 S.Ct. at 1985. That the Oklahoma statute might also have determined when an action is commenced for purposes other than the application of statutes of limitations, did not seem to make it any less "integral," as the Supreme Court was using that term. This Court's opinion in *Prashar*, on the other hand, seems to use "integral" in the sense of the commencement statute's having purposes and implications other than determining when the statute of limitations is satisfied.

We are persuaded that the supposed distinction between the Oklahoma statute and the South Dakota statute is of no real moment. *Walker v. Armco Steel* has laid to rest the notion that Rule 3 can ever be used to toll a state statute of limitations in a diversity case arising under state law.[3]

---

**2.** *Prashar*, 480 F.2d at 951 n.10, cited S.D.C.L. § 15–6–26(a), which stated that "[a]fter commencement of the action the deposition may be taken without leave of court ...." The present version of the statute provides the same. "After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination." S.D.C.L. § 15–6–30(a) (Supp. 1981).

**3.** It is, of course, possible that Rule 3 may have a larger office with respect to limitations in federal-question cases, but we intimate no view on that question, which is not before us. Suffice it to say that *Walker v. Armco Steel, supra,*

The undisputed facts of this case, lamentable as they are, show that under South Dakota law the action was commenced outside the applicable period of limitations. The District Court's order denying the motion to dismiss is reversed, and the cause is remanded with directions to dismiss the complaint.

It is so ordered.

was a diversity case arising under state law and obviously rests on *Erie* considerations. We also express no view as to the effect of Rule .3 in a case arising under federal law in which the plaintiff, for whatever reason, alleges jurisdiction solely on the basis of diversity of citizenship.