Jerry SIMPSON *v.* Cyril BAILEY

82-278                                           648 S.W.2d 464

Supreme Court of Arkansas
Opinion delivered March 28, 1983

28

*Pearson, Woodruff & Evans,* by: *Ronald G. Woodruff,* for appellant.

*Jones & Segers,* for appellee.

STEELE HAYS, Justice. The trial court dismissed this personal injury suit by summary judgment upon a finding that the cause of action was barred by the three year statute of limitations. On appeal, appellant urges that the statute was tolled by the timely filing of the complaint and by an order extending the time for obtaining service of summons. The argument is not sustained and we affirm the trial court.

Appellant's injuries were incurred on September 20, 1977 and suit was filed on September 11, 1980. Summons was issued and returned "non-est" on September 18 with a notation that the defendant (appellee) had moved to Rt. 5, Box 501, Springdale, Arkansas. After another unsuccessful attempt was made to serve the appellee under the long arm statute, a new summons was issued and served at the Springdale address on July 20, 1981. Also on July 20, appellant filed a motion to extend the time for obtaining service, which the trial court granted upon a finding that a reasonable effort had been made to obtain service of summons, and that good cause existed to extend the time for obtaining service.

The trial court overruled a motion to dismiss the complaint and subsequently the case was transferred to another division, where appellee moved for summary judg-

ment on the grounds the pleadings showed on their face that the cause of action was barred. The motion was granted and we are asked to reverse the trial court.

The only question to be decided is whether appellant's cause of action "commenced" within three years from the date his injuries were sustained, as required by Ark. Stat. Ann. § 37-206. It is agreed the collision occurred on September 20, 1977, that suit was filed on September 11, 1980, some nine days prior to the running of the statute and that summons was immediately issued. However, Rule 3 of the Arkansas Rules of Civil Procedure (Commencement of Action) provides that an action shall *not* be deemed to have commenced:

> "[A]s to any defendant not served with process . . . within sixty (60) days of the filing of the complaint, unless *within that time* the person filing the complaint has made an effort . . . to obtain service by a different method provided for in Rule 4. In no event shall the time for obtaining service be extended beyond ninety (90) days without leave of court and for good cause shown." (our italics)

Rule 4 provides several alternative methods of service, but appellant availed himself of none of these within the sixty days permitted by Rule 3, nor was any order of extension for good cause made by the trial court within the ninety days permitted by the rule. After the initial summons was returned "non-est" nothing else happened in the case for nearly seven months, when on April 10, 1981, appellant made an attempt to serve the appellee under the long arm statute. This fails to meet the plain wording of Rule 3 and the trial court was correct in finding that suit was not "commenced" within the time provided by Rule 3.

Appellant argues that the trial court has discretion on a showing of good cause to enlarge the period of time provided for in Rule 3, pointing out that the July 20, 1981 order found that a reasonable effort had been made to serve the appellee and that good cause existed to enlarge the time allowed by Rule 3. But the order was not entered until nine

months after the statute of limitations had run, and seven months after the period allowed in Rule 3. The trial court found, correctly, that the discretion arising under Rule 3 must be exercised within the time period allowed under the rule.

Appellant also cites ARCP Rule 6 (b) (2) which permits a trial court to enlarge the time within which an act is to be performed even after the time has expired upon a finding that the failure to act was the result of unavoidable casualty or excusable neglect. But we decline to reach that issue, as there is nothing in this record to indicate a factual basis for holding the long delay was attributable to unavoidable casualty or excusable neglect. The fact is that appellant was served on July 20, 1981, at the same Springdale address as was shown on the copy of the Sheriff's "non-est" return filed with the Clerk on September 18, 1980.

The judgment is affirmed.