CALTON PROPERTIES, INC. et al
*v.* KEN'S DISCOUNT
BUILDING MATERIALS, INC.

84-85                              669 S.W.2d 469

Supreme Court of Arkansas
Opinion delivered May 29, 1984
[Rehearing denied July 2, 1984.]

522

*David W. Kirk,* for appellant.

*Guthrie, Burbank, Dodson & McDonal,* by: *David F. Guthrie,* for appellee.

ROBERT H. DUDLEY, Justice. The materialmen's lien statutes contain a fifteen month limitation for the commencement of an action either to foreclose a lien or to proceed against a bond discharging a lien. Service of process was not had in this case until more than forty-seven months after the filing of the complaint and no order was obtained extending the time for service. The trial court granted a default judgment againt the bond. We reverse and dismiss. This case was certified to us by the Court of Appeals under Rule 29 (1)(c).

From June 12, 1978, the appellee, Ken's Discount Building Materials, Inc., supplied building matrials to the contractor, who was constructing a home for the landowners. On October 19, 1978, which was within 120 days after delivery of the last materials, the appellee filed a verified statement of account and a claim of lien against the real estate. *See* Ark. Stat. Ann. § 51-613 (Repl. 1971). On March 6, 1980, which was within fifteen months after the filing of the lien, the appellee filed a complaint which sought both a judgment against the contractor and the landowners and a foreclosure of the lien. *See* Ark. Stat. Ann. §§ 51-615, 51-616 and 51-617. No summons or warning order was issued when the complaint was filed. On March 20, 1980, the appellant, Calton Properties, Inc., as surety, and the contractor, as principal, filed a bond to discharge the lien pursuant to Ark. Stat. Ann. § 51-641. If this type of bond is approved by the clerk, and the materialman, after notice, does not question its sufficiency or form, the lien is

discharged and the materialman must seek recourse solely against the bond. Ark. Stat. Ann. § 51-641 and *see Stewart-McGehee Construction Co.* v. *Brewster and Riley Feed Mfg. Co.*, 171 Ark. 197, 284 S.W. 53 (1926).

The bond statute, Ark. Stat. Ann. § 51-641, provides that actions against the bond must be filed within the same period of limitations as an action to enforce a lien or else the bond is void. The applicable materialmen's lien statute, Ark. Stat. Ann. § 51-616, provides that an action to enforce a lien must be commenced within fifteen months after filing the lien.

On September 24, 1982, which was more than forty-seven months after the filing of the lien, a summons was issued against the contractor and service was had three days later.

At the time the complaint was filed ARCP Rule 3 provided that the filing of a complaint commenced an action only if service was completed within 60 days, unless the time for service was extended by the trial court. *Simpson* v. *Bailey*, 279 Ark. 27, 648 S.W.2d 464 (1983). The time for service was not extended. Consequently, the action was not commenced within fifteen months after filing the lien and the bond was void.

In an attempt to justify the default judgment, the appellee argued below and now argues on appeal that appellant not only waived service but should be estopped from asserting that the action was not commenced within fifteen months. However, there was no testimony below. There was only argument. Accordingly, there is no evidence which will allow us to affirm on the basis of the doctrine of estoppel. The attorney for appellee filed an affidavit in the trial court setting out facts which, he submits, should be considered. The affidavit is nothing less than an attempt by the attorney to disguise testimony while that attorney is still serving as an advocate. We have repeatedly held that an attorney must decide whether he should serve as a witness or as an advocate. An attorney who desires to testify must withdraw from the litigation. An attorney who desires to

serve as an advocate may not testify. *See Boling, Sp. Adm'r.* v. Gibson, 266 Ark. 310, 322, 584 S.W.2d 14, 21 (1979), citing *Milburn* v. *State,* 262 Ark. 267, 555 S.W.2d 946 (1977). The filing of the affidavit is a flagrant violation of our clear directive.

The affidavit is not evidence and we do not consider it. There is no evidence to justify invoking the doctrine of estoppel. The complaint was never amended to allege waiver or estoppel. Pursuant to Ark. Stat. Ann. § 51-641 (Repl. 1971), the bond was void as a matter of law long before the default judgment was granted. The judgment on the bond is reversed and the case is dismissed.