**Walter BROWN, Plaintiff,**

v.

**William RINEHART and Gilster Mary Lee Corporation, Defendants.**

**No. LR-C-84-605.**

United States District Court,
E.D. Arkansas, W.D.

April 3, 1985.

Michael C. Palmintier, Baton Rouge, La., for plaintiff.

Alston Jennings, Jr., of Wright, Lindsey & Jennings, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION AND ORDER

ROY, District Judge.

Pending before the Court is the defendant's Motion for Summary Judgment. No response has been filed by the plaintiff. Defendant asserts that the action is barred by limitations, and that the defendants were not served within the time limits imposed by the applicable rules.

█ The complaint alleges negligence as the proximate cause of damages arising out of a motor vehicle accident which occurred July 1, 1981. The complaint was filed on July 2, 1984. From the documents attached to the motion, it appears that the complaint was not served until December 10, 1984, more than 120 days after the complaint was filed.

The applicable statute of limitations is three years as contained in Ark.Stat.Ann. § 37–206. Although it appears that the complaint was filed a day late, July 1, 1984 fell on a Sunday. Therefore, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the filing of the complaint was timely.

With respect to the failure to timely serve the complaint, Rule 3 of the Federal Rules of Civil Procedure states that a civil action is commenced by filing a complaint with the Court. Rule 4(j) of the Federal Rules of Civil Procedure provides:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion ...

Rule 3 of the Arkansas Rules of Civil Procedure states:

A civil action is commenced by filing a complaint with the clerk of the proper court ... provided, that an action shall not be deemed to have been commenced as to any defendant not served with process in accordance with these rules within sixty (60) days of the filing of the complaint, unless within that time the person filing the complaint has made an effort, that is noted of record in the clerk's office, to obtain service by a different method provided for in Rule 4.

In the present case, the complaint was not served until more than 120 days after the complaint was filed. No extensions by the plaintiff were requested.

In *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), a diversity action was brought against a manufacturer to recover for injuries sustained when a nail head fragmented and hit a carpenter's eye. The Oklahoma statute of limitations governing the action contained language similar to that contained in the Arkansas rule cited above. The Court held that state service requirements, which were an integral part of the state statute of limitations, were controlling and barred a diversity action which was timely filed, and in which summons was issued, but in which service of process was not made until long after the state 60 day service period had expired. The fact that the time limitation imposed by the Arkansas rule is not itself contained in the Arkansas three year statute of limitations does not require a different result.

This distinction was discussed in *Fischer v. Iowa Mold Tooling Company, Inc.*, 690

534

F.2d 155 (8th Cir.1982), where the Court stated:

> We are persuaded that the supposed distinction between the Oklahoma statute and the South Dakota statute is of no real moment. *Walker v. Armco Steel* has laid to rest the notion that Rule 3 can ever be used to toll a state statute of limitations in a diversity case arising under state law. (footnote omitted).

*Id.,* 690 F.2d at 157; *See also Simpson v. Bailey,* 279 Ark. 27, 648 S.W.2d 464 (1983).

 The complaint was not served within the 120 days required by Rule 4(j) of the Federal Rules of Civil Procedure which would require a dismissal without prejudice since plaintiff has not shown good cause why such service was not made within that period. In addition, however, since the statute of limitations was not tolled as explained above, the Court must also hold that the action has not been commenced within the applicable statute of limitations, and should therefore be dismissed with prejudice. The defendant's motion is granted.