**Winnie H. WALKER, Appellant,**

v.

**THIELEN MOTORS, INCORPORATED, Ted Thielen, individually, Appellees.**

**No. 89–5593.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1990.

Decided Oct. 10, 1990.

John W. Getsinger, Minneapolis, Minn., for appellant.

James L. Haigh, Minneapolis, Minn., for appellees.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

HEANEY, Senior Circuit Judge.

This case raises the question whether federal or state procedural rules should govern the time an action is deemed commenced for purposes of the statute of limitations in a diversity action. The plaintiff, Winnie Walker, is a Tennessee resident, who was injured in an April 14, 1983, automobile accident in Marion County, Tennessee. The defendants, Ted Thielen and Thielen Motors, are Minnesota residents. On April 11, 1989, Walker filed a complaint with the United States District Court for the District of Minnesota, charging Thielen with negligence. On April 15, 1989, six years and one day after the accident, defendants were personally served with a copy of the summons and complaint. Under Minnesota law, a negligence action involving personal injury must be commenced within six years of the accrual of the cause of action. Minn.Stat. § 541.05 subd. 1(5).

Walker's cause of action accrued at the time of the accident on April 14, 1983. The issue on appeal is whether Walker's action commenced when she filed her complaint or when the defendants were served. Under the Federal Rules of Civil Procedure, an action is commenced by filing a complaint with the court. Fed.R.Civ.P. 3. If this rule applies, Walker's lawsuit was timely commenced. Under Minnesota rules, however, an action commences when the summons is served upon the defendant or delivered to the sheriff who then must serve the

summons upon the defendant within sixty days. Minn.R.Civ.P. 3.01. Neither of these events occurred before the six-year statute of limitations expired. Thus, if the Minnesota commencement rule governs this suit, Walker's action is time barred. The district court reached this conclusion on summary judgment.

The Supreme Court's decision in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), suggests, and three decisions by this court confirm, that the Minnesota rule governs. *Walker* explored whether a state rule or Federal Rule 3 governs the commencement of a suit for statute of limitations purposes in a diversity context. On at least two occasions, this court has elucidated *Walker's* resolution of this issue, once explaining, "*Walker v. Armco Steel* has laid to rest the notion that [Federal] Rule 3 can ever be used to toll a state statute of limitations in a diversity case arising under state law." *Fischer v. Iowa Mold Tooling Co.*, 690 F.2d 155, 157 (8th Cir.1982). In *Sieg v. Karnes*, 693 F.2d 803, 805 (8th Cir.1982) (citation omitted), this court reiterated that, "*Walker v. Armco Steel Corp.* held that a federal district court must apply state law that, for statute of limitations purposes, deems an action commenced only when service is made."

Both *Fischer* and *Sieg* direct us to adopt the Minnesota rule in this case. Similar guidance is offered by *Winkels v. George A. Hormel & Co.*, 874 F.2d 567 (8th Cir. 1989). Although it involved a hybrid fair representation suit under § 301 of the Labor Management Relations Act rather than a suit brought solely under state law, *Hormel* remains instructive. In fact, it is precisely the federal nature of the action in *Hormel* which makes that case relevant to the instant case. Despite the federal nature of the *Hormel* claim, this court applied the relevant state rule for tolling the statute of limitations. Viewed in this light, *Hormel* suggests that we apply the Minnesota commencement rule in this case, since if a state commencement rule applies to a federal cause of action, then certainly a state commencement rule should apply to a state cause of action.

The Supreme Court has explained the policy behind this law:

There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.

*Walker*, 446 U.S. at 753, 100 S.Ct. at 1986. *Walker* clearly dismissed Rule 3 as a "controlling federal rule" in situations such as this case, explaining that, "There is no indication that the Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations." *Walker*, 446 U.S. at 750–751, 100 S.Ct. at 1985 (explanatory footnote omitted). Based on this sentiment and the law which flows from it, we affirm the district court's grant of summary judgment for the defendants.