Joyce A. **WOLFBERG**, Plaintiff,

v.

**GREENWOOD DEVELOPMENT CORPORATION**, Defendant.

Civ. A. No. 9:93–786–22.

United States District Court,
D. South Carolina,
Beaufort Division.

July 27, 1994.

Douglas Whitsett MacNeille, Hilton Head Island, SC, for plaintiff.

Paul A. James, Charleston, SC, for defendant.

---

## ORDER

CURRIE, District Judge.

■ This diversity action arises out of an accident in which Plaintiff was hit by water from sprinklers while she was playing golf. Before the court is the motion of Defendant Greenwood Development Corporation ("Greenwood")[1] for summary judgment. Greenwood claims that Plaintiffs cause of action is barred by the statute of limitations. The court has carefully reviewed the entire record in this matter and heard arguments from counsel. For reasons discussed below, the motion is granted.

### ISSUE PRESENTED

This case presents the issue whether, in a diversity action based upon South Carolina negligence law, a district court should apply Rule 3 of the South Carolina Rules of Civil Procedure ("S.C.R.C.P.") or Rule 3 of the Federal Rules of Civil Procedure ("Fed. R.Civ.P.") to determine when the action is commenced for purposes of the state statute of limitations.

### FACTS

Plaintiff contends that on April 6, 1990, she was injured at a golf course owned and operated by Greenwood. Plaintiff claims that Greenwood's negligence caused her injuries. Plaintiff filed her Complaint on April 5, 1993. The Summons and Complaint were served on Greenwood on April 16, 1994. Both parties agree that the applicable statute of limitations for Plaintiffs cause of action is three years. *See* S.C.Code Ann. §§ 15–3–530–535. Thus, Plaintiff filed this action before the statute of limitations expired but served Greenwood after expiration of the limitations period.

Greenwood moves for summary judgment urging that, under S.C.R.C.P. 3, which provides that an action "is commenced by filing and service of a Summons and Complaint," Plaintiffs failure to serve her Complaint within the limitations period bars the action. In response Plaintiff argues that Fed.R.Civ.P. 3,

which states that "[a] civil action is commenced by filing a complaint with the court," provides the manner in which to satisfy the South Carolina statute of limitations in diversity cases. Under this view, Plaintiffs action was commenced in a timely fashion because the complaint was filed with the court prior to the expiration of the statute of limitations.

### ANALYSIS

■ It is well established that the doctrine enunciated in *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), applies to the manner in which a diversity action is considered commenced for purposes of state statutes of limitations. In *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the Court held that a Kansas statute requiring service of process to commence an action, not Fed.R.Civ.P. 3, controlled in a diversity action. The Court reasoned that "[s]ince [the] cause of action is created by local law, the measure of it is to be found only in local law. . . . It accrues and comes to an end when local law so declares." *Id.* at 533, 69 S.Ct. at 1235.

The holding in *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), reaffirmed the *Ragan* decision. In *Walker,* the Court held that "in the absence of a federal rule directly on point, state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction." *Id.* at 752–53, 100 S.Ct. at 1986. The Court noted that:

> "[T]here is no indication that the Rule [Fed.R.Civ.P. 3] was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations. In our view, in diversity actions Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations."

---

1. At a hearing on July 18, 1994, Plaintiffs counsel consented to dismissal of all Defendants except Greenwood Development Corporation.

*Id.* at 750–51, 100 S.Ct. at 1985. The Fourth Circuit has likewise noted:

> [A] federal action may commence for limitations purposes upon whatever event the state has defined for that purpose, e.g., the date of service of the complaint. Yet for all other purposes the federal action will commence under the applicable Federal Rule of Civil Procedure, Rule 3, that states that an action commences when the complaint is filed.

*Rowland v. Patterson,* 852 F.2d 108, 110 (4th Cir.1988), *on reh'g,* 882 F.2d 97 (4th Cir. 1989).

Plaintiffs action is based upon South Carolina's common law of negligence. The statute of limitations for such an action provides that it "must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that [s]he had a cause of action." S.C.Code Ann. § 15–3–535. Plaintiffs cause of action accrued on April 6, 1990. The alleged accident occurred on April 6, 1990. At that time Plaintiff knew she had been hit in the face by the water from Greenwood's sprinklers and that she needed medical attention.

Plaintiff concedes that she did not serve her Complaint on Greenwood until after the statute of limitations expired. Plaintiff, however, contends that unlike the statutes in *Ragan* and *Walker,* the service requirement for commencement of actions in South Carolina is found in the South Carolina Rules of Civil Procedure and, therefore, not integral to the state's statute of limitations. The Court finds this distinction is not significant. Courts faced with similar arguments have rejected them. *See e.g., Converse v. General Motors Corp.,* 893 F.2d 513, 515–516 (2d Cir. 1990); *Wm. H. McGee & Co. v. Liebherr America, Inc.,* 789 F.Supp. 861, 866 n. 1 (E.D.Ky.1992). Furthermore, the service requirement to commence an action was contained in a statute, S.C.Code Ann. § 15–3–10, prior to 1985. In 1985, however, South Car-

olina adopted much of the Federal Rules of Civil Procedure and repealed § 15–3–10. The fact that the service requirement was moved from a statute to the Rules of Civil Procedure does not affect its importance.[2]

The Supreme Court in *Walker* recognized the connection between an actual service of process requirement and important state policies underlying state statutes of limitations:

> The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim. A requirement of actual service promotes both of those functions of the statute.... As such, the service rule must be considered part and parcel of the statute of limitations.

*Walker,* 446 U.S. at 751–52, 100 S.Ct. at 1985–86. "The necessary relationship between the purposes served by a state statute of limitations and its actual service requirement suggests the integrality of the service requirement." *Converse,* 893 F.2d at 516; *See also Fischer v. Iowa Mold Tooling Co.,* 690 F.2d 155, 157 (8th Cir.1982) (*"Walker v. Armco Steel* has laid to rest the notion that Rule 3 can ever be used to toll a state statute of limitations in a diversity case arising under state law."); *Walker v. Thielen Motors, Inc.,* 916 F.2d 450, 451 (8th Cir.1990).

Plaintiff also claims that Fed.R.Civ.P. 3 and S.C.R.C.P. 3 are in direct conflict and that under the rule enunciated in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the federal rule must prevail. This argument is without merit. Based upon *Walker,* decided fifteen years after *Hanna,* the court can only conclude that the Supreme Court regards state statutes of limitations as unique. Moreover, it is apparent that the Supreme Court's treatment of state statutes of limitations is based upon the basic concern of *Erie:*

**2.** 1985 Act No. 100, § 1, provides as follows: SECTION 1. Pursuant to Article V, Section 4A of the Constitution of this State, the Supreme Court of South Carolina has promulgated Rules of Civil Procedure governing practice and procedure in civil actions in the courts of

this State, which rules were not disapproved by the General Assembly; and it is the intent of the General Assembly to repeal provisions of the 1976 Code of Laws of South Carolina, to be replaced by the Rules of Civil Procedure.

There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.

*Walker,* 446 U.S. at 753, 100 S.Ct. at 1986.

## CONCLUSION

For these reasons, the court concludes that S.C.R.C.P. 3 requiring service of process to commence an action, not Fed.R.Civ.P. 3, applies in this diversity action based upon South Carolina negligence law. Therefore, Plaintiffs failure to serve her Complaint within the limitations period bars this action and, accordingly, Greenwood's Motion for Summary Judgment is granted.

IT IS SO ORDERED.