47 F.3d 1165
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alfred P. MOON, Plaintiff-Appellant,
v.
UNITED OIL MARKETERS, INCORPORATED, Defendant-Appellee.
 No. 94-1284.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1994.
Decided Feb. 15, 1995.
 
 ARGUED: Hoover C. Blanton, MCCUTCHEN, BLANTON, RHODES & JOHNSON, Columbia, SC, for Appellant. John Robert Murphy, SWEENY, WINGATE, MURPHY & BARROW, P.A., Columbia, SC, for Appellee. ON BRIEF: Thomas E. McCutchen, G. D. Morgan, Jr., John C. Bradley, Jr., MCCUTCHEN, BLANTON, RHODES & JOHNSON, Columbia, SC, for Appellant. William O. Sweeny, III, William R. Calhoun, Jr., SWEENY, WINGATE, MURPHY & BARROW, P.A., Columbia, SC, for Appellee.
 Before HALL and NIEMEYER, Circuit Judges, and WILLIAMS, Senior District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Alfred P. Moon (Moon) of South Carolina commenced a civil action against United Oil Marketers, Inc. (United Oil) of Tennessee, alleging that United Oil was negligent, grossly negligent, reckless, careless, willful and wanton in maintaining one of its gas stations, causing Moon physical injury. Moon commenced his civil action in South Carolina state court, but United Oil removed the case to the United States District Court for the District of South Carolina based on the diversity of the parties. Once in federal court, United Oil moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 based on the fact that the statute of limitations on all of Moon's claims had expired before Moon commenced his civil action. In a lengthy memorandum opinion and order, the district court granted United Oil's motion for summary judgment on the ground that the statute of limitations period had expired before Moon commenced his civil action. Moon now appeals that grant of summary judgment. After hearing oral argument, carefully reviewing the briefs and the record, and the district court's order, we conclude that the district court properly granted summary judgment in favor of United Oil, because Moon did not commence his civil action within the applicable statute of limitations period. Accordingly, we affirm the district court's grant of summary judgment in favor of United Oil and against Moon for the reasons stated in that Court's memorandum opinion and order of January 14, 1994. Moon v. United Oil Marketers, Inc., No. 93-1870-21 (D.S.C. Jan. 14, 1994).
 
 AFFIRMED
 HALL, Circuit Judge, dissenting:
 
 2
 Moon's attempts to serve United Oil prior to the expiration of the statute of limitations[1] were thwarted by a combination of the company's noncompliance with South Carolina's corporate registration laws and its employees' assurances to Moon's process server that the company's agent would be available. I would reverse the summary judgment and remand for further proceedings because I believe that United Oil is estopped from pleading limitations.
 
 
 3
 The statute of limitations expired at the end of Monday, May 17, 1993. The complaint was filed on Friday, May 14, 1993. On the same day, Ron Greene, the private process server hired by Moon's lawyer, took a copy of the summons and complaint to the Columbia address listed as United Oil's registered office in the state.[2] This address turned out to be a United Oil store. An employee told Greene that Cloyd no longer maintained an office there but that he did have an office at a United Oil store in nearby West Columbia. Greene went immediately to the West Columbia store and was told by another employee that Cloyd did indeed have his office there but that he would not be back until the next day. When Greene returned on Saturday, he was told that Cloyd would not be back until Monday. Greene returned on Monday, but an employee told him that she did not know where Cloyd could be found or when he would be back. Cloyd was finally served at the West Columbia store on Tuesday.
 
 
 4
 The district court ruled that the failure to perfect timely service was not caused by United Fuel. I agree that Cloyd's relocation of his office from the registered address did not prejudice Moon; process server Greene was able to get to the new office within minutes. However, Cloyd's absence from this office on three consecutive work days, coupled with the store employees' assurances that he would be at the store on Saturday and Monday, constitute a sufficient basis for estoppel.
 
 
 5
 A state statute requires each foreign corporation to "maintain continuously in this State ... a registered office ... and a registered agent." S.C.Code Ann. Sec. 33-15-107 (Law. Coop.1990). The district court determined that
 
 
 6
 to require the registered agent to be present at the registered office at all times during normal business hours would be illogical and would read into the statute that which it does not say. The court concludes that the requirement that a foreign corporation "maintain continuously" a registered agent simply means that at all times while the foreign corporation is transacting business in South Carolina, it has in fact a registered agent for service of process.
 
 
 7
 Moon v. United Oil Marketers, Inc., C/A 3:93-1870-21 (D.S.C. Jan. 14, 1994) (order). To estop United Oil from pleading limitations, however, is something less than requiring it to have its agent present in an office "at all times."
 
 
 8
 South Carolina's registered-office statute is aimed at providing a location for service of process. See S.C.Code Ann. Sec. 33-5-101 (Law. Coop.1990) (official comment). Estoppel is not limited to those situations where the aggrieved party was deceived by the defendant; it is enough that the party invoking estoppel "was misled ..., whether intentionally or not...." Clements v. Greenville County, 142 S.E.2d 212, 213 (S.C.1965). Had Greene been told on Friday that Cloyd was not expected back in the office until the following Tuesday, then perhaps the availability of alternative methods of service would suffice to defeat the estoppel claim. Had Moon attempted service for the first time after the end of normal business hours on Monday, he would be in a poor position from which to seek equity. However, Moon sought to serve the registered agent with three days to spare, and, in light of the employees' repeated assurances that Cloyd would be back in the office before time ran out, there was no apparent need to use alternative service routes. Contrary to the district court's finding, I believe that United Oil, even if unintentionally, did indeed "create [the] delay that caused the plaintiff to fail to perfect service in a timely manner."
 
 
 
 [1]
 This action was instituted in state court and removed to federal court on the basis of diversity of citizenship of the parties. State law determines when the action was "commenced" for the purpose of tolling the applicable state statute of limitations. Walker v. Armco Steel Co., 446 U.S. 740 (1980). S.C.R.C.P. 3(a) provides that "a civil action is commenced by filing and service of a summons and complaint" (emphasis added). See Wolfberg v. Greenwood Development Corp., 868 F.Supp. 132 (D.S.C.1994)
 
 
 [2]
 S.C.Code Sec. 33-15-101 (Law. Coop.1990) provides that each foreign corporation must obtain a "certificate of authority" in order to transact business in South Carolina. A corporation's application for such certificate must include the "address of its proposed registered office in this State and the name of its proposed registered agent at that office." S.C.Code Sec. 33-15-103(a)(5) (Law. Coop.1990). United Oil's certificate stated that its office was located at 6524 Garner's Ferry Road, Columbia, and that its agent was Chris Cloyd